# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

WILLIAM COOKSEY, JR.                                                                  PLAINTIFFS
and JOHN WILLIAMS

v.                                    Case No. 5:16-cv-00072 KGB

PROFESSIONAL TRANSPORTATION, INC., *et al.*                DEFENDANTS

## ORDER

Before the Court is a declaration of bill of costs filed by separate defendant Professional Transportation Inc. ("PTI") (Dkt. No. 97). PTI filed a memorandum in support with an itemization of costs (Dkt. No. 98). Plaintiff William Cooksey, Jr., filed a response in opposition (Dkt. No. 99). For the reasons discussed below, the Court grants in part and denies in part PTI's bill of costs. The Court shall tax costs in favor of PTI, and against Mr. Cooksey, in the amount of $8,893.55.

    **I.**     **Background**

This action arises out of a complaint filed on March 3, 2016, by plaintiffs Mr. Cooksey and John Williams alleging that defendants racially discriminated against their African American employees by paying Caucasian employees a higher wage for similar work (Dkt. No. 1). On August 29, 2016, Mr. Williams moved to dismiss his claims (Dkt. No. 23), and the Court granted his motion (Dkt. No. 69). On September 29, 2017, this Court entered an Order and Judgment granting summary judgment in favor of defendants and dismissing with prejudice Mr. Cooksey's claims (Dkt. Nos. 95, 96). PTI then filed a declaration of bill of costs asking the Court to tax $9,406.45 in costs, though PTI does not specify which plaintiff should be taxed for which costs.

    **II.**     **Discussion**

Recovery of costs in the district court is generally governed by statute and the Federal Rules of Civil Procedure. *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987).

Rule 54(d)(1) of the Federal Rules of Civil Procedure states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54. "To rebut the presumption that the prevailing party is entitled to recover all of its costs, the district court must provide a rationale for denying the prevailing party's claim for costs." *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006) (citations omitted). Pursuant to 28 U.S.C. § 1920, the Court may tax costs for:

    (1)    Fees of the clerk and marshal;

    (2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3)    Fees and disbursements for printing and witnesses;

    (4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5)    Docket fees under section 1923 of this title;

    (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "'Absent explicit statutory or contractual authorization to the contrary, federal district courts may tax as costs only those expenses listed in § 1920.'" *U.S. v. Mink*, 476 F.3d 558, 564 (8th Cir. 2007) (alteration omitted) (quoting *United States v. Hiland*, 909 F.2d 1114, 1142 (8th Cir. 1990)).

"[N]ot all expenses of litigation are costs taxable against the losing party, and within the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case." *Pershern*, 834 F.2d at 140. "An award of costs may be reduced or denied because the prevailing party obtained only a nominal victory, or because the taxable costs of the litigation were disproportionate to the result achieved." *Richmond v. Southwire*

*Co.*, 980 F.2d 518, 520 (8th Cir. 1992) (citing *Farmer v. Arabian Amer. Oil Co.*, 379 U.S. 227, 234-35 (1964); *Kropp v. Ziebarth,* 601 F.2d 1348, 1358 (8th Cir. 1979); *Boyd v. Ozark Air Lines, Inc.,* 568 F.2d 50, 55 (8th Cir. 1977)).

In response to PTI's bill of costs, Mr. Cooksey argues that his "action in filing suit was reasonable" because, prior to filing suit, he allegedly informed his branch manager about his alleged pay disparity (Dkt. No. 99, at 2). Mr. Cooksey represents that PTI presented a check to compensate him for that alleged pay disparity on October 15, 2016, but he also notes that this was "approximately [seven] months after suit was filed" and "[a]ll of the costs sought by PTI were generated before it stated that it made a mistake and issued a pay disparity check to Cooksey." (*Id.*). Mr. Cooksey also represents that he did not negotiate this check (*Id.*). To the extent Mr. Cooksey is arguing that PTI admitted liability by presenting the check and therefore should not be able to recover its costs for defending the action, the Court rejects that argument. As the Court has already concluded, no reasonable juror could conclude that defendants discriminated against Mr. Cooksey in violation of 42 U.S.C. § 1981 (Dkt. No. 95).

Below, the Court analyzes each category of costs requested by PTI. For the reasons discussed below, the Court taxes $8,893.55 in costs in favor of PTI against Mr. Cooksey.

### A. Prevailing Party

The Court first concludes that PTI is a "prevailing party" as to Mr. Cooksey but not as to Mr. Williams. Under Rule 54(d), costs "should be allowed to the prevailing party . . . ." Fed. R. Civ. P. 54(d). "What counts as prevailing for purposes of an award of costs is a question of law." *Leonard v. Sw. Bell Corp. Disability Income Plan*, 408 F.3d 528, 533 (8th Cir. 2005). Typically, a prevailing party is one "in whose favor a judgment is rendered." *Firefighter's Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 905 (8th Cir. 2000) (citation omitted),

*cert. denied*, 532 U.S. 921 (2001). There is, however, uncertainty in the Eighth Circuit as to whether a voluntarily dismissed party can be considered a prevailing party under Rule 54(d) and § 1920. *Compare Droste v. Julien*, 477 F.3d 1030, 1036 (8th Cir. 2007) (refusing to state whether a voluntary dismissal with prejudice renders the dismissed party a prevailing party), *with Sequa Corp. v. Cooper*, 245 F.3d 1036, 1037-38 (8th Cir. 2001) ("[A] voluntary dismissal without prejudice means that neither party can be said to have prevailed."); *see Golan v. Veritas Enter., LLC*, Case No. 4:14-cv-00069-ERW, 2017 WL 5564538, *5 (E.D. Mo. Nov. 20, 2017) (listing cases).

Here, as the Court entered a judgment dismissing with prejudice each of Mr. Cooksey's claims, the Court concludes that PTI is a prevailing party as to Mr. Cooksey. Accordingly, PTI is entitled to recover its costs against Mr. Cooksey. On the other hand, since Mr. Williams moved to dismiss voluntarily his claims, and because the Court dismissed his claims without prejudice, the Court finds that PTI is not a prevailing party *vis-a-vis* Mr. Williams. Thus, the Court concludes that PTI is not entitled to recover its costs from Mr. Williams both because he is not a prevailing party and because the Court dismissed Mr. Williams' claims relatively early in the litigation.

### B. Depositions And Transcripts

PTI seeks to recover $7,128.25 in costs for deposition costs, including the cost of transcripts of depositions. To determine whether to award the costs of a deposition, the "underlying inquiry is whether the depositions reasonably seemed necessary at the time they were taken." *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) (internal quotations omitted). "[I]f the depositions were actually introduced in evidence or used at trial for impeachment purposes, then it is proper to conclude that they were necessarily obtained for use in

4

the case." *Frazier v. IBP, Inc.*, No. C97-0023, 1999 WL 33655745, at *10 (N.D. Iowa Feb. 2, 1999), *aff'd by* 200 F.3d 1190 (8th Cir. 2000).

> i. **Copies Of Defendants' Depositions**

PTI seeks to recover a total of $1,385.10 it alleges it incurred by obtaining transcripts and exhibits from the depositions of Carl Rushing, Karla Hayes, Tommy Dennis, Deanna Alexander, Steve Greulich, Kevin Boyle, Johnny Brixey, Amy Dodd, and George Dodd (Dkt. No. 98, at 2, 7-8, 12-13). According to PTI's bill of costs, these depositions were taken by defendants (*Id.*, at 2-3). The Eighth Circuit Court of Appeals has held that § 1920 allows the "taxation of costs for both printed and electronically recorded transcripts of the same deposition as long as each transcript is necessarily obtained for use in a case." *See Stanley v. Cottrell, Inc.*, 784 F.3d 454, 467 (8th Cir. 2015) (citations omitted) (holding that the costs of video depositions are taxable under § 1920). PTI cited the depositions of Mr. Rushing, Ms. Hayes, Mr. Dennis, Ms. Alexander, and Mr. Boyle in its statement of uncontroverted material facts in support of its ultimately successful motion for summary judgment (*see e.g.*, Dkt. No. 73, ¶¶ 14, 83, 85). The Court finds that these transcripts were therefore "necessarily obtained for use" in this case. The Court also finds that Mr. Cooksey has failed to rebut the presumption that PTI is entitled to these costs. Accordingly, the Court awards PTI its costs for obtaining the transcripts of the depositions of Mr. Rushing, Ms. Hayes, Ms. Alexander, Mr. Dennis, and Mr. Boyle. The Court also awards PTI its costs for obtaining the exhibits attached to those depositions. According to the bill of costs, PTI incurred $872.20 to obtain the transcripts and exhibits for those depositions. Therefore, the Court taxes Mr. Cooksey in the amount of $872.20 for such costs.

PTI did not, however, cite to the depositions of Mr. Greulich, Mr. Brixey, Ms. Dodd, or Mr. Dodd in its filings in support of the motion for summary judgment. While a failure to use a

deposition does not necessarily mean that the deposition was not "necessarily obtained" for use in the case, *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006), the Court concludes that, in this case, PTI is not entitled to recover its costs for the transcripts of these depositions.

### ii. Deposition of Mr. Cooksey

PTI also seeks to recover a total of $1,939.95 for the costs of deposing plaintiff William Cooksey and for the cost of the copies of exhibits used in those depositions (Dkt. No. 98, at 2, 9-10). The Court notes that PTI cited both volumes of Mr. Cooksey's deposition in its filings (*see e.g.*, Dkt. No. 73, ¶¶ 20, 76). Furthermore, the Court finds that PTI would reasonably have thought that it was necessary to depose Mr. Cooksey—a plaintiff in this action—and concludes that Mr. Cooksey has failed to rebut the presumption that PTI is entitled to these costs. Accordingly, the Court taxes Mr. Cooksey in the amount of $1,939.95 for such costs.

### iii. Deposition Of John Louis Williams, Jr.

PTI requests its costs for deposing John Louis Williams, Jr., an individual that may be one of the named plaintiffs in this case (Dkt. No. 98, at 2). PTI cited its deposition of Mr. Williams in its filings in support of its motion for summary judgment (*see* Dkt. No. 73, ¶ 84). Accordingly, the Court concludes that the deposition of Mr. Williams was reasonably necessary for this case. The Court also concludes that Mr. Cooksey has failed to rebut the presumption that PTI is entitled to recover the cost of conducting this deposition. The Court taxes Mr. Cooksey in the amount of $1,118.05 for the cost of Mr. Williams' deposition.

### iv. Deposition Of Expert James Metzger

PTI further requests an award of its costs in the amount of $2,685.15 for deposing plaintiffs' expert, James Metzger (Dkt. No. 98, at 3, 13). PTI cited its deposition of Mr. Metzger

in its filings in support of its motion for summary judgment (*see e.g.*, Dkt. No. 73, ¶¶ 47-52). The Court therefore concludes that PTI's deposition of Mr. Metzger was reasonably necessary. The Court also concludes that Mr. Cooksey has failed to rebut the presumption that PTI is entitled to these costs. The Court taxes Mr. Cooksey in the amount of $2,685.15 for the cost of Mr. Metzger's deposition.

### C. Fees For Copies

PTI seeks the costs it incurred by obtaining and copying Mr. Cooksey's medical records (Dkt. No. 98, at 3, 15-19). Specifically, PTI seeks a total of $178.20 in such costs (*Id.*). A district court may award copy and exemplification fees incurred for items "necessarily obtained" for use in a case. 28 U.S.C. § 1920(4). Several photocopying costs, however, are not taxable under § 1920(4):

> [P]laintiffs may not recover the photocopy expenses that they incurred in copying their own pleadings and motions for filing with the Court, serving on opposing counsel, or transmitting to their client; nor does the cost statute cover a party's copying of documents to be produced in discovery, or copying research materials for the convenience of counsel. These are not taxable costs under the statute, because they are not necessarily obtained for us in the case.

*Emmenegger v. Bull Moose Tube Co.*, 33 F. Supp. 2d 1127, 1133 (E.D. Mo. 1998) (internal quotations omitted). The Eighth Circuit has affirmed a district court's decision to tax costs incurred for copying medical records. *Zotos*, 121 F.3d at 364. Here, PTI represents that it copied Mr. Cooksey's medical records because he alleged that he suffered "specific cardiac ailments" as a result of stress at work (Dkt. No. 98, at 3). Accordingly, because the Court concludes that these medical records were necessarily obtained for use in the case and that Mr. Cooksey has failed to rebut the presumption that PTI is entitled to an award of these costs, the Court taxes Mr. Cooksey in the amount of $178.20 for such costs.

### D. Witness Fee Charged By Mr. Metzger

PTI seeks to recover the cost it was charged by plaintiffs' expert, Mr. Metzger, as a witness fee (*Id.*, at 4, 21). The Eighth Circuit has held that a party may recover witness fees related to the deposition of non-court appointed experts. *Stanley*, 784 F.3d at 464 (citing *Firefighters' Inst. for Racial Equality ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 905 (8th Cir. 2000)). The deposition of Mr. Metzger, which occurred on September 23, 2016, was cited by PTI in support of its motion for summary judgment (Dkt. No. 73-18). Furthermore, as Mr. Cooksey retained Mr. Metzger as an expert witness, the Court concludes that, at the time the deposition was conducted, PTI could have reasonably understood that a deposition of Mr. Metzger would be necessary for the case. Additionally, Mr. Cooksey has failed to provide a specific explanation as to why PTI is not entitled to recover Mr. Metzger's fee. Accordingly, the Court awards PTI the cost it incurred as a witness fee for Mr. Metzger and taxes Mr. Cooksey in the amount of $2,100.00.

### III. Conclusion

It is hereby ordered that PTI's bill of costs is granted, in part, and denied, in part (Dkt. No. 97). PTI shall recover a total of $8,893.55, representing (1) $872.20 in fees for transcripts of depositions conducted by plaintiffs; (2) $1,939.95 in fees for deposing Mr. Cooksey; (3) $1,118.05 in fees for deposing Mr. John Louis Williams, Jr.; (4) $2,685.15 in fees for deposing Mr. Metzger; (5) $178.20 in fees for obtaining copies of medical records; and (6) $2,100.00 in witness fees for Mr. Metzger. The Clerk of Court shall tax costs in favor of PTI and against defendant Mr. Cooksey, in the amount of $8,893.55.

It is so ordered, this the 22nd day of May 2019.

_____
Kristine G. Baker
United States District Judge